883 F.2d 1027
 12 U.S.P.Q.2d 1572
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
NEO-ART, INC. and Gabor Kadar, Plaintiffs-Appellants,
v.
HAWKEYE DISTILLED PRODUCTS CO., Twentieth Century-Fox Film
Corporation, Simon Levi Co., Haroco, Inc.; Mike Wayne
Distilled Products Company; Roman Ceramics Corporation and
Harold Roman, Defendants-Appellees.
 No. 88-1464.
 United States Court of Appeals, Federal Circuit.
 July 21, 1989.
 
 Before NIES, Circuit Judge, BALDWIN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 NIES, Circuit Judge.
 
 DECISION
 
 1
 Neo-Art, Inc. and its president and owner, Gabor Kadar (collectively "Neo-Art"), sued Hawkeye Distilled Products Co., Hawkeye's related companies, and Harold Roman (collectively "Hawkeye"), and Twentieth Century-Fox Film Corporation (Twentieth Century-Fox) for infringement of Kadar's United States Design Patent No. 260,432 ('432 patent), and for unfair competition under 15 U.S.C. Sec. 1125(a) (1982) and the California Business and Professions Code Secs. 17200-17208, 17500. Hawkeye counterclaimed, inter alia, for a judgment of invalidity. From cross-motions for summary judgment in favor of Hawkeye, and from summary judgment in favor of Twentieth Century-Fox, Neo-Art appeals. We affirm.
 
 OPINION
 
 2
 * Summary judgment is appropriate where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1560, 7 USPQ2d 1548, 1550 (Fed.Cir.1988). In determining the propriety of the district court's grant of summary judgment on obviousness, we have viewed the record, as presented to us by the parties, to determine de novo whether there is genuinely conflicting evidence on a material factual issue and whether judgment should be entered as a matter of law. Id. As explained below, we agree with the grant of summary judgment on the obviousness and unfair competition issues.
 
 B
 
 3
 A conclusion of obviousness with respect to a design patent is determined from the vantage of "the designer of ordinary capability who designs articles of the type presented in the application." In re Nalbandian, 661 F.2d 1214, 1216, 211 USPQ 782, 784 (CCPA 1981). The short stand is the only element of Neo-Art's design which is dissimilar to a standard I.V. unit found in the prior art. Neo-Art argues that its stand was shortened from the typical floor length stand for the purpose of allowing its use on counters. However, the shortened stand is also of a conventional design found in the prior art, namely the Hubbard patent. We agree with the district court that the claimed design would have been obvious to the designer of ordinary skill in the art of designing a "COMBINED STAND AND CONTAINER FOR STORING LIQUIDS" by the combination of references disclosing a standard I.V. unit and a conventional table top stand. The overall appearance of the claimed design is suggested by the combination of the references considered by the district court. We wholly agree with the district court that the claimed design, judged only from a design standpoint, would have been obvious from the prior art.
 
 
 4
 Neo-Art's contention that there is no "prior art" because Neo-Art was the first to promote an I.V. bottle as a novelty liquor dispenser is without merit. The design of the dispenser is not affected by the particular use for which the claimed design has been commercially promoted and does not change the relevance of prior art designs. See In re Glavas, 230 F.2d 447, 450, 109 USPQ 50, 52 (CCPA 1956). Neo-Art's arguments on secondary considerations are similarly unpersuasive. For example, Neo-Art has failed to prove a nexus between its commercial success and the claimed invention, see Avia, 853 F.2d at 1564, 7 USPQ2d at 1554. Rather, the commercial success seems to be based upon its novel use, not its design. In sum, that Neo-Art promoted the article made in accordance with the design as a dispenser of vodka or other liquor is irrelevant to the non-obviousness of the design.
 
 C
 
 5
 In reviewing the unfair competition issues, we apply the interpretation of the Ninth Circuit of both state and federal law. See Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984); see also Interpart Corp. v. Italia, 777 F.2d 678, 683, 228 USPQ 124, 127 (applying Ninth Circuit law to decide similar issues) (Fed.Cir.1985). We agree with the district court that, under Ninth Circuit precedent, Hawkeye's sale of vodka in an I.V. bottle with stand prominently labeled with M*A*S*H trademarks (of which it is a licensee of Twentieth Century-Fox) is not likely to cause confusion as to source with Neo-Art's sale of empty I.V. bottles and stand under the trademark HOSPITAL BOOZE. Thus, the court properly dismissed Neo-Art's federal and state claims of unfair competition.
 
 
 6
 Even if we assume Hawkeye copied Neo-Art's idea of using an I.V. bottle on a short stand as a liquor dispenser, ideas in themselves are not protectable. Nor is confusion created by the similar appearance of products, in itself, actionable. See Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 232 (1964).
 
 
 7
 A charge of unfair competition must rest on another's appropriation of one's established trade identity and goodwill in a particular design. See Petersen Mfg. Co. v. Central Purchasing, Inc., 740 F.2d 1541, 1549, 222 USPQ 562, 568 (Fed.Cir.1984). Neo-Art failed to put forth sufficient evidence to raise a genuine issue that the shape of its novelty liquor dispenser had acquired secondary meaning to consumers, that is, that consumers would presume on seeing similar novelty items of others (filled or unfilled) that they all come from the same source. Unless the design were proved to have come to indicate a source, confusion of source is a logical impossibility. The absence of evidence that consumers connect the design of the I.V. bottle bar item exclusively with Neo-Art, coupled with Hawkeye's eye-catching display of the M*A*S*H trademark on the bottles in which its liquor is sold, doom Neo-Art's claims of likelihood of confusion. See Interpart Corp., 777 F.2d at 683, 228 USPQ at 128.
 
 
 8
 Additionally we affirm the dismissal of Neo-Art's claims against Twentieth Century-Fox.